[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 14, 2011
JOHN LEY
CLERK

No. 10-14079
Non-Argument Calendar

_____

D.C. Docket No. 8:10-cr-00143-SDM-EAJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ANTONIO URIAS-SALAZAR,
a.k.a. Jose Urias-Salazar,
a.k.a. Hugo Luna-Urias,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 14, 2011)

Before TJOFLAT, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Appellant, Jose Urias-Salazar, pled guilty to three counts of a six-count indictment: Counts Two and Three, transporting illegal aliens, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (B)(i), and Count Four, an illegal alien found to be unlawfully in the United States after deportation, in violation of 8 U.S.C. § 1326(a). The district court sentenced appellant to concurrent prison terms of 36 months on Counts Two and Three and a concurrent prison term of 24 months on Count Four. He appeals his sentences on Counts Two and Three, which constitute a variance above the Guidelines sentencing range of 18 to 24 months, as procedurally and substantively unreasonable. The sentences are substantively unreasonable, he says, because the variance the court imposed is greater than the variances imposed in other circuits and therefore unreasonably disparate. We affirm.

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). In determining reasonableness, we "evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in [18 U.S.C. §] 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). We conduct a two-step review, first ensuring that the sentence is procedurally reasonable, and then examining whether the sentence is substantively reasonable in light of the totality of the circumstances and the §

3553(a) factors. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. The § 3553(a) purposes include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide the defendant with needed training or treatment. 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

When considering the difference between a particular sentence and sentences imposed for similar crimes, we are not persuaded by bare numbers without context. *United States v. Campbell*, 491 F.3d 1306, 1317 (11th Cir. 2007). In *Campbell*, we considered a challenge by the former mayor of Atlanta to his sentences for tax fraud. *Id.* at 1308-09. Rejecting Campbell's argument that "statistics . . . indicate that Campbell's sentences greatly exceed the average sentences imposed upon those convicted of tax crimes," we explained that "the statistics Campbell cites are bare numbers without context and, therefore, do not persuade us that his sentences are unreasonable." *Id.* at 1317.

A sentence is procedurally reasonable if the district court properly calculated the Guidelines sentencing range, treated the Guidelines as advisory, considered the § 3553(a) factors, did not rely on clearly erroneous facts, and adequately explained the sentence imposed. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. The district court's acknowledgment that it has considered the § 3553(a) factors and the parties' arguments is sufficient, and the court ordinarily does not need to "state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *Talley*, 431 F.3d at 786.

With regard to substantive reasonableness, "[t]he district court has wide discretion to decide whether the section 3553(a) factors justify a variance," *United States v. Rodriguez,* 628 F.3d 1258, 1264 (11th Cir. 2010), *cert. denied*, (U.S. Apr. 25, 2011) (No. 10-9689), such as the variance the court imposed on Counts Two and Three here. "[T]he justification [must] be 'sufficiently compelling to support the degree of the variance.'" *United States v. Irey,* 612 F.3d 1160, 1196 (11th Cir. 2010), *cert. denied*, (U.S. Apr. 4, 2011) (No. 10-727). (citation omitted). Although a sentence should not be greater than necessary to meet the sentencing goals of § 3553(a), focusing solely on this requirement is problematic. *Id.* at 1197. "The requirement is not merely that a sentencing court when handing down a sentence be stingy enough to avoid one that is too long, but

4

also that it be generous enough to avoid one that is too short." *Id.* We set aside a sentence only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).

Appellants 36-months' sentences are reasonable. The Sentencing Commission sentencing statistics appellant gave the district court in an effort to show that the upward 12- months' variance the court fashioned here is unreasonable are bare numbers without context. In particular, appellant did not elaborate on the facts of the cases in which the judges of the Middle District of Florida imposed upward variances. Although he argues that the district court failed to adequately explain the sentences, the record is clear that the court did provide an adequate explanation for the upward variance. Finally, the sentences reflect the sentencing goals of § 3553(a).

AFFIRMED.